1  JEAN M. DALY, State Bar No. 159129
   jdaly@walsworthlaw.com
2  CHRISTY GARGALIS, State Bar No. 216622
   cgargalis@walsworthlaw.com
3  ANGELA MARTIN, State Bar No. 238426
   amartin@walsworthlaw.com
4  WALSWORTH LLP
   515 S. Flower Street, 18th Floor
5  Los Angeles, CA 90071
   Telephone:  (213) 489-4820
6  Facsimile:  (213) 489-4015

7
   Attorneys for Plaintiff FEDERAL
8  INSURANCE COMPANY

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 FEDERAL INSURANCE COMPANY,          Case No. 5:24-cv-00519-TJH(SHKx)
   an Indiana Corporation,
13                                      **STIPULATION FOR PROTECTIVE**
                 Plaintiff,             **ORDER**
14
           v.                           Judge:   Honorable Terry J. Hatter, Jr.
15
   ZENITH MANUFACTURING, INC.;
16 PRISM MFG, INC.; PRISM
   STRUCTURES, INC.; HALLER, LLC;
17 SPHERE ALLIANCE INC. DBA
   ADVANCED AIRCRAFT SEAL;
18 FINOVA, LLC; FLARE GROUP DBA
   AVIATION EQUIPMENT
19 PROCESSING; FLARE HOLDINGS,
   LLC; DORA DORA, LLC; MAD
20 ATOM, LLC; PRISM AEROSPACE;
   STYLEX, LLC ; COAST TO COAST
21 MANUFACTURING; TORRANCE
   ALUMINUM; FIRE WINDOWS &
22 DOORS; GENESIS AERO
   STRUCTURES; GATEWAY
23 BUSINESS COMPLEX, LLC; AND;
   GRAND TERRACE HOLDINGS,
24 LLC,

25               Defendants.

26 ZENITH MANUFACTURING, INC.;
   PRISM MFG, INC.; PRISM
27 STRUCTURES, INC.; HALLER, LLC;
   SPHERE ALLIANCE, INC. DBA
28 ADVANCED AIRCRAFT SEAL;

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 926 I2-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

64234903.1
5806-3.6639

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

1  FINOVA, LLC; FLARE GROUP DBA
   AVIATION EQUIPMENT
2  PROCESSING; FLARE HOLDINGS,
   LLC; DORA DORA, LLC' MAD
3  ATOM, LLC; PRISM AEROSPACE;
   STYLEX LLC DBA COAST TO
4  COAST MANUFACTURING
   TORRANCE ALUMINUM
5  WINDOWS DBA TORRANCE
   ALUMINUM AND FIRE WINDOWS
6  & DOORS; GENESIS AERO
   STRUCTURES, LLC; GATEWAY
7  BUSINESS COMPLEX, LLC;
   GRAND TERRANCE HOLDINGS,
8  LLC,

9                 Counterclaimants,

10  Vs.

11  FEDERAL INSURANCE COMPANY,
    an Indiana Corporation;
12
                  Counterdefendant.
13
    ZENITH MANUFACTURING, INC.;
14  PRISM MFG, INC.; PRISM
    STRUCTURES, INC.; HALLER, LLC;
15  SPHERE ALLIANCE, INC. DBA
    ADVANCED AIRCRAFT SEAL
16  FINOVA, LLC; FLARE GROUP DBA
    AVIATION EQUIPMENT
17  PROCESSING; FLARE HOLDINGS,
    LLC; DORA DORA LLC; MAD
18  ATOM LLC; PRISM AEROSPACE;
    STYLEX LLC DBA COAST TO
19  COAST MANUFACTURING;
    TORRANCE ALUMINUM
20  WINDOWS DBA TORRANCE
    ALUMINUM AND FIRE WINDOWS
21  & DOORS; GENESIS AERO
    STRUCTURES, LLC; GATEWAY
22  BUSINESS COMPLEX, LLC;
    GRAND TERRANCE HOLDINGS,
23  LLC,

24                 Crossclaimants,

25  Vs.

26  FEDERA,

27                 Crossdefendant.

28  / / /

## STIPULATION

1.     IT IS HEREBY STIPULATED pursuant to <u>Fed. R. Civ. P. 26(c)</u> by and between Plaintiff FEDERAL INSURANCE COMPANY, ("Plaintiff"/"Counter-defendant"), Defendants ZENITH MANUFACTURING, INC.; PRISM MFG, INC.; PRISM STRUCTURES, INC.; HALLER, LLC; SPHERE ALLIANCE, INC. DBA ADVANCED AIRCRAFT SEAL; FINOVA LLC; FLARE GROUP DBA AVIATION EQUIPMENT PROCESSING; FLARE HOLDINGS LLC; DORA DORA LLC; MAD ATOM LLC; PRISM AEROSPACE; STYLEX LLC DBA COAST TO COAST MANUFACTURING; TORRANCE ALUMINUM WINDOWS DBA TORRANCE ALUMINUM AND FIRE WINDOWS & DOORS; GENESIS AERO STRUCTURES, LLC; GATEWAY BUSINESS COMPLEX, LLC; GRAND TERRACE HOLDINGS, LLC ("Defendants"/Counterclaimant"/"Cross-Complainant"), and DOCHTERMAN INSURANCE SERVICES, INC. (erroneously sued as PRECISION MANUFACTURING INSURANCE SERVICES) ("Third-Party Defendant") through their respective attorneys of record, that a Protective Order ("Order" or "Stipulated Protective Order") may be entered by the Court in this action as follows:

### 1.1     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge that this Stipulated Protective Order does not govern the use at trial of material designated under this Order. The use of designated

WALSWORTH
1990 O MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1  material at trial shall be governed by the Orders of the trial judge.

2       1.2   GOOD CAUSE STATEMENT

3       This Action is likely to involve trade secrets, customer and pricing

4  information and other valuable research, development, commercial, financial,

5  technical and/or proprietary information for which special protection from public

6  disclosure and from use for any purpose other than prosecution of this Action is

7  warranted.

8       Such confidential and proprietary materials and information consist of, among

9  other things, confidential business or financial information, information regarding

10  confidential business practices, or other confidential research, development, or

11  commercial information (including information implicating privacy rights of third

12  parties), information otherwise generally unavailable to the public, or which may be

13  privileged or otherwise protected from disclosure under state or federal statutes,

14  court rules, case decisions, or common law.

15       Accordingly, to expedite the flow of information, to facilitate the prompt

16  resolution of disputes over confidentiality of discovery materials, to adequately

17  protect information the parties are entitled to keep confidential, to ensure that the

18  parties are permitted reasonable necessary uses of such material in preparation for

19  and in the conduct of trial, to address their handling at the end of the litigation, and

20  serve the ends of justice, a protective order for such information is justified in this

21  matter.

22       It is the intent of the parties that information will not be designated as

23  confidential for tactical reasons and that nothing be so designated without a good

24  faith belief that it has been maintained in a confidential, non-public manner, and

25  there is good cause why it should not be part of the public record of this case.

26     2.   DEFINITIONS

27       2.1   Action: Federal Insurance Company v. Zenith Manufacturing,

28  Inc., et al. Case No. 5:24-cv-00519-TJH-SHKx, pending in the United States

WALSWORTH
1990 0 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1   District Court for the Central District of California.

2          2.2    Challenging Party: a Party or Non-Party that challenges the

3   designation of information or items under this Order.

4          2.3    "CONFIDENTIAL" Information or Items: information

5   (regardless of how it is generated, stored or maintained) or tangible things that

6   qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified

7   above in the Good Cause Statement

8          2.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9   Information or Items: extremely sensitive "Confidential Information or Items,"

10  disclosure of which to another Party or Non-Party would create a substantial risk of

11  serious harm that could not be avoided by less restrictive means.

12         2.5    Counsel: Outside Counsel of Record and House Counsel (as well

13  as their support staff).

14         2.6    Designating Party: a Party or Non-Party that designates

15  information or items that it produces in disclosures or in responses to discovery as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY."

18         2.7    Disclosure or Discovery Material: all items or information,

19  regardless of the medium or manner in which it is generated, stored, or maintained

20  (including, among other things, testimony, transcripts, and tangible things), that are

21  produced or generated in disclosures or responses to discovery in this matter.

22         2.8    Expert: a person with specialized knowledge or experience in a

23  matter pertinent to the litigation who has been retained by a Party or its counsel to

24  serve as an expert witness or as a consultant in this Action.

25         2.9    House Counsel: attorneys who are employees of a party to this

26  Action. House Counsel does not include Outside Counsel of Record or any other

27  outside counsel.

28         2.10   Non-Party: any natural person, partnership, corporation,

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

64234903.1
5806-3.6639

association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

/ / /

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

WALSWORTH

19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as

STIPULATION FOR PROTECTIVE ORDER

64234903.1
5806-3.6639

otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

/ / /

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

64234903.1
5806-3.6639

1 Receiving Party must comply with the provisions of section 13 below (FINAL
2 DISPOSITION).

3     Protected Material must be stored and maintained by a Receiving Party at a
4 location and in a secure manner that ensures that access is limited to the persons
5 authorized under this Order.

6     <u>7.2</u>    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless
7 otherwise ordered by the court or permitted in writing by the Designating Party, a
8 Receiving Party may disclose any information or item designated
9 "CONFIDENTIAL" only to:

10     (a) the Receiving Party's Outside Counsel of Record in this Action, as
11 well as employees of said Outside Counsel of Record to whom it is reasonably
12 necessary to disclose the information for this Action;

13     (b) the officers, directors, and employees (including House Counsel) of
14 the Receiving Party to whom disclosure is reasonably necessary for this Action;

15     (c) Experts (as defined in this Order) of the Receiving Party to whom
16 disclosure is reasonably necessary for this Action and who have signed the
17 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18     (d) the court and its personnel;

19     (e) court reporters and their staff;

20     (f) professional jury or trial consultants, mock jurors, and Professional
21 Vendors to whom disclosure is reasonably necessary for this Action and who have
22 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23     (g) the author or recipient of a document containing the information or
24 a custodian or other person who otherwise possessed or knew the information;

25     (h) during their depositions, witnesses, and attorneys for witnesses, in
26 the Action to whom disclosure is reasonably necessary provided: (1) the deposing
27 party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)
28 they will not be permitted to keep any confidential information unless they sign the

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
agreed by the Designating Party or ordered by the court. Pages of transcribed
deposition testimony or exhibits to depositions that reveal Protected Material may
be separately bound by the court reporter and may not be disclosed to anyone except
as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel,
mutually agreed upon by any of the parties engaged in settlement discussions.

(j) reinsurers of the Receiving Party, who have a need to review the
Protected Material for purposes related to this Action, and who have signed the
"Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party
shall maintain a list of all reinsurers to whom Protected Material is disclosed and
shall make that list available to the Designating Party upon request.

(k) accountants of the Receiving Party, who have a need to review the
Protected Material for purposes related to this Action, and who have signed the
"Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party
shall maintain a list of all accountants to whom Protected Material is disclosed and
shall make that list available to the Designating Party upon request.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" Information or Items. Unless otherwise ordered by the court or
permitted in writing by the Designating Party, a Receiving Party may disclose any
information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as
well as employees of said Outside Counsel of Record to whom it is reasonably
necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of
the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

STIPULATION FOR PROTECTIVE ORDER

disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(i) reinsurers of the Receiving Party, who have a need to review the Protected Material for purposes related to this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party shall maintain a list of all reinsurers to whom Protected Material is disclosed and shall make that list available to the Designating Party upon request.

(k) accountants of the Receiving Party, who have a need to review the Protected Material for purposes related to this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party shall maintain a list of all accountants to whom Protected Material is disclosed and shall make that list available to the Designating Party upon request.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1  shall include a copy of the subpoena or court order;

2    (b) promptly notify in writing the party who caused the subpoena or

3  order to issue in the other litigation that some or all of the material covered by the

4  subpoena or order is subject to this Protective Order. Such notification shall include

5  a copy of this Stipulated Protective Order; and

6    (c) cooperate with respect to all reasonable procedures sought to be

7  pursued by the Designating Party whose Protected Material may be affected.

8    If the Designating Party timely seeks a protective order, the Party served with

9  the subpoena or court order shall not produce any information designated in this

10  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY" before a determination by the court from which the subpoena or

12  order issued, unless the Party has obtained the Designating Party's permission. The

13  Designating Party shall bear the burden and expense of seeking protection in that

14  court of its confidential material and nothing in these provisions should be construed

15  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

16  directive from another court.

17    9.    NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

18  PRODUCED IN THIS LITIGATION

19    (a) The terms of this Order are applicable to information produced by a

20  Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by

22  Non-Parties in connection with this litigation is protected by the remedies and relief

23  provided by this Order. Nothing in these provisions should be construed as

24  prohibiting a Non-Party from seeking additional protections.

25    (b) In the event that a Party is required, by a valid discovery request, to

26  produce a Non-Party's confidential information in its possession, and the Party is

27  subject to an agreement with the Non-Party not to produce the Non-Party's

28  confidential information, then the Party shall:

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) Notify the Designating Party in writing of the unauthorized disclosures, including (i) the information or item disclosed, (ii) to whom it was disclosed, and (iii) the date and circumstances of the disclosure;

(b) Use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) Request such person or persons to execute the "Acknowledgment

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1  and Agreement to Be Bound" that is attached hereto as Exhibit A.

2       The Receiving Party shall provide prompt written notice to the Producing

3  Party of the unauthorized disclosure and shall provide a detailed account of the

4  circumstances surrounding the unauthorized disclosure. The Receiving Party shall

5  take all necessary and appropriate measures to retrieve the improperly disclosed

6  Protected Material and ensure that no further unauthorized disclosures occur.

7       11.    INADVERTENT PRODUCTION OF PRIVILEGED OR

8  OTHERWISE PROTECTED MATERIAL

9       When a Producing Party gives notice to Receiving Parties that certain

10  inadvertently produced material is subject to a claim of privilege or other protection,

11  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

12  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

13  may be established in an e-discovery order that provides for production without

14  prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

15  as the parties reach an agreement on the effect of disclosure of a communication or

16  information covered by the attorney-client privilege or work product protection, the

17  parties may incorporate their agreement in the stipulated protective order submitted

18  to the court.

19       12.    MISCELLANEOUS

20       12.1    Right to Further Relief. Nothing in this Order abridges the right

21  of any person to seek its modification by the Court in the future.

22       12.2    Right to Assert Other Objections. By stipulating to the entry of

23  this Protective Order, no Party waives any right it otherwise would have to object to

24  disclosing or producing any information or item on any ground not addressed in this

25  Stipulated Protective Order. Similarly, no Party waives any right to object on any

26  ground to use in evidence of any of the material covered by this Protective Order.

27       12.3    Filing Protected Material. A Party that seeks to file under seal

28  any Protected Material must comply with Civil Local Rule 79-5. Protected Material

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

64234903.1
5806-3.6639

may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, to the extent required by applicable law, regulation, or company policy. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. The Receiving Party will provide notice to the Producing Party identifying any Protected Material being retained pursuant to this provision.

/ / /

/ / /

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

64234903.1
5806-3.6639

14.    <u>RESERVATION OF RIGHTS</u>

By agreeing to this Order, no Party waives any right it otherwise would have to object to any other Party's designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to move to modify the terms of this Order. A Party's failure to challenge a designation shall not preclude a subsequent challenge to that designation.

15.    <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  February 10, 2025            WALSWORTH LLP


By:    /s/ Angela Martin
       ————————————————————
       JEAN M. DALY
       CHRISTY GARGALIS
       ANGELA MARTIN
       ROBERT KUBLER
       Attorneys for Plaintiff/Counter-defendant
       FEDERAL INSURANCE COMPANY

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1 | Dated:  January 29, 2025

LAW OFFICES OF MOHAMMAD A. FAKHREDDINE

By:  /s/ Mohammad A. Fakhreddine (auth. 1-29-25)

MOHAMMAD A. FAKHREDDINE
Attorneys for Defendants/Counterclaimants/Cross-complainants ZENITH MANUFACTURING, INC.; PRISM MFG, INC.; PRISM STRUCTURES, INC.; HALLER, LLC; SPHERE ALLIANCE INC. DBA ADVANCED AIRCRAFT SEAL; FINOVA, LLC; FLARE GROUP DBA AVIATION EQUIPMENT PROCESSING; FLARE HOLDINGS, LLC; DORA DORA, LLC; MAD ATOM, LLC; PRISM AEROSPACE; STYLEX, LLC ; COAST TO COAST MANUFACTURING; TORRANCE ALUMINUM; FIRE WINDOWS & DOORS; GENESIS AERO STRUCTURES; GATEWAY BUSINESS COMPLEX, LLC; AND; GRAND TERRACE HOLDINGS, LLC.

Dated:  February  10, 2025

COLLINS + COLLINS LLP

By:  /s/ Adam A. Ainslie (auth. 2-10-25)

ADAM A. AINSLIE
ROBERT S. KAHN
Attorneys for Third-Party Defendant DOCHTERMAN INSURANCE SERVICES, INC. (erroneously sued as PRECISION MANUFACTURING INSURANCE SERVICES)

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

1

## **Attestation under Local Rule 5-4.3.4**

2

3    I, Angela Martin, am the ECF user whose ID and password are being used to

4    file this STIPULATION FOR PROTECTIVE ORDER.  In compliance with Local

5    Rule 5-4.3.4, I hereby attest that counsel Mohammad Fakhreddine, Esq. and Adam

6    A. Ainslie, Esq. have concurred in filing and approved his signature.

7

8    Dated:  February 10, 2025            WALSWORTH, LLP

9

10

11    By:      /s/ Angela Martin

12            ANGELA MARTIN
              Attorneys for Plaintiff FEDERAL

13            INSURANCE COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALSWORTH
1990 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

# PROOF OF SERVICE

**Federal Insurance Company v. Zenith Manufacturing, Inc., et al.**
**Case No. 5:23-cv-01831-TJH-KK**

## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612-2445.

On February 11, 2025, I served true copies of the following document(s) described as **STIPULATION FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 11, 2025, at Irvine, California.

_Debra Halberstadt_
_____
Debra Halberstadt

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

**SERVICE LIST**
**Federal Insurance Company v. Zenith Manufacturing, Inc., et al.**
**Case No. 5:23-cv-01831-TJH-KK**

| | |
|---|---|
| Mohammad A. Fakhreddine<br>Law Offices of Mohammad A. Fakhreddine<br>1601 Pacific Coast Highway, Suite 290<br>Hermosa Beach, CA 90254<br>Telephone: (310) 698-0804<br>Email: mfakhreddinelaw@gmail.com | Attorney for Zenith Manufacturing, Inc., et al. |
| Kathy Lee, Esq.<br>Brian K. Stewart, Esq.<br>Adam A. Ainslie, Esq.<br>Robert S. Kahn, Esq.<br>Collins + Collins, LLP<br>790 E. Colorado Boulevard, Suite 600<br>Pasadena, CA 91101<br>Telephone: (626) 243-1100<br>Cell: (626) 278-5015<br>Emails: bstewart@ccllp.law<br>Klee@ccllp.law<br>jagomez@ccllp.law<br>aainslie@ccllp.com<br>alieber@ccllp.law<br>rkahn@ccllp.law | Attorneys for Cross-Defendant, Dochterman Insurance Services, Inc. (erroneously sued as Precision Manufacturing Insurance Services) |

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

64234903.1
5806-3.6639

STIPULATION FOR PROTECTIVE ORDER



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FEDERAL INSURANCE COMPANY, an Indiana Corporation,

Plaintiff,

v.

ZENITH MANUFACTURING, INC.; PRISM MFG, INC.; PRISM STRUCTURES, INC.; HALLER, LLC; SPHERE ALLIANCE INC. DBA ADVANCED AIRCRAFT SEAL; FINOVA, LLC; FLARE GROUP DBA AVIATION EQUIPMENT PROCESSING; FLARE HOLDINGS, LLC; DORA DORA, LLC; MAD ATOM, LLC; PRISM AEROSPACE; STYLEX, LLC ; COAST TO COAST MANUFACTURING; TORRANCE ALUMINUM; FIRE WINDOWS & DOORS; GENESIS AERO STRUCTURES; GATEWAY BUSINESS COMPLEX, LLC; AND; GRAND TERRACE HOLDINGS, LLC,

Defendants.

ZENITH MANUFACTURING, INC.; PRISM MFG, INC.; PRISM STRUCTURES, INC.; HALLER, LLC; SPHERE ALLIANCE, INC. DBA ADVANCED AIRCRAFT SEAL; FINOVA. LLC: FLARE GROUP DBA

Case No. 5:24-cv-00519-TJH(SHKx)

**PROPOSED  ORDER ON STIPULATION FOR PROTECTIVE ORDER**

Judge:   Honorable Terry J. Hatter, Jr.

WALSWORTH

19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1  AVIATION EQUIPMENT
2  PROCESSING; FLARE HOLDINGS,
   LLC; DORA DORA, LLC' MAD
   ATOM, LLC; PRISM AEROSPACE;
3  STYLEX LLC DBA COAST TO
   COAST MANUFACTURING
4  TORRANCE ALUMINUM
   WINDOWS DBA TORRANCE
5  ALUMINUM AND FIRE WINDOWS
   & DOORS; GENESIS AERO
6  STRUCTURES, LLC; GATEWAY
   BUSINESS COMPLEX, LLC;
7  GRAND TERRANCE HOLDINGS,
   LLC,
8
                    Counterclaimants,
9
   Vs.
10
   FEDERAL INSURANCE COMPANY,
11 an Indiana Corporation;
12                  Counterdefendant.
13 ZENITH MANUFACTURING, INC.;
   PRISM MFG, INC.; PRISM
14 STRUCTURES, INC.; HALLER, LLC;
   SPHERE ALLIANCE, INC. DBA
15 ADVANCED AIRCRAFT SEAL
   FINOVA, LLC; FLARE GROUP DBA
16 AVIATION EQUIPMENT
   PROCESSING; FLARE HOLDINGS,
17 LLC; DORA DORA LLC; MAD
   ATOM LLC; PRISM AEROSPACE;
18 STYLEX LLC DBA COAST TO
   COAST MANUFACTURING;
19 TORRANCE ALUMINUM
   WINDOWS DBA TORRANCE
20 ALUMINUM AND FIRE WINDOWS
   & DOORS; GENESIS AERO
21 STRUCTURES, LLC; GATEWAY
   BUSINESS COMPLEX, LLC;
22 GRAND TERRANCE HOLDINGS,
   LLC,
23
                    Crossclaimants,
24
   Vs.
25
   FEDERA,
26
                    Crossdefendant.
27
   / / /
28

1    Pursuant to the <u>Fed. R. Civ. P. 26(c)</u>, the stipulation of the parties, and for

2    good cause showing, the Court hereby enters the following Protective Order as

3    follows:

4    1.1    <u>PURPOSES AND LIMITATIONS</u>

5    Disclosure and discovery activity in this Action are likely to involve

6    production of confidential, proprietary, or private information for which special

7    protection from public disclosure and from use for any purpose other than

8    prosecuting this litigation may be warranted.

9    The parties acknowledge that this Order does not confer blanket protections

10   on all disclosures or responses to discovery and that the protection it affords from

11   public disclosure and use extends only to the limited information or items that are

12   entitled to confidential treatment under the applicable legal principles.

13   The parties further acknowledge that this Stipulated Protective Order does not

14   govern the use at trial of material designated under this Order. The use of designated

15   material at trial shall be governed by the Orders of the trial judge.

16   1.2    <u>GOOD CAUSE STATEMENT</u>

17   This Action is likely to involve trade secrets, customer and pricing

18   information and other valuable research, development, commercial, financial,

19   technical and/or proprietary information for which special protection from public

20   disclosure and from use for any purpose other than prosecution of this Action is

21   warranted.

22   Such confidential and proprietary materials and information consist of, among

23   other things, confidential business or financial information, information regarding

24   confidential business practices, or other confidential research, development, or

25   commercial information (including information implicating privacy rights of third

26   parties), information otherwise generally unavailable to the public, or which may be

27   privileged or otherwise protected from disclosure under state or federal statutes,

28   court rules, case decisions, or common law.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: Federal Insurance Company v. Zenith Manufacturing, Inc., Et al. Case No. 5:24-cv-00519-TJH-SHKx, pending in the United States District Court for the Central District of California.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party: a Party or Non-Party that designates

information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

2.15  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges.</u> Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

64234944.1
5806-3.6639

1  Designating Party an opportunity to review the designated material, to reconsider

2  the circumstances, and, if no change in designation is offered, to explain the basis

3  for the chosen designation. A Challenging Party may proceed to the next stage of

4  the challenge process only if it has engaged in this meet and confer process first or

5  establishes that the Designating Party is unwilling to participate in the meet and

6  confer process in a timely manner.

7      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

8          7.1    Basic Principles. A Receiving Party may use Protected Material

9  that is disclosed or produced by another Party or by a Non-Party in connection with

10 this Action only for prosecuting, defending, or attempting to settle this Action. Such

11 Protected Material may be disclosed only to the categories of persons and under the

12 conditions described in this Order. When the Action has been terminated, a

13 Receiving Party must comply with the provisions of section 13 below (FINAL

14 DISPOSITION).

15      Protected Material must be stored and maintained by a Receiving Party at a

16 location and in a secure manner that ensures that access is limited to the persons

17 authorized under this Order.

18          7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

19 otherwise ordered by the court or permitted in writing by the Designating Party, a

20 Receiving Party may disclose any information or item designated

21 "CONFIDENTIAL" only to:

22          (a) the Receiving Party's Outside Counsel of Record in this Action, as

23 well as employees of said Outside Counsel of Record to whom it is reasonably

24 necessary to disclose the information for this Action;

25          (b) the officers, directors, and employees (including House Counsel) of

26 the Receiving Party to whom disclosure is reasonably necessary for this Action;

27          (c) Experts (as defined in this Order) of the Receiving Party to whom

28 disclosure is reasonably necessary for this Action and who have signed the

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

WALSWORTH
1990 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2        (d) the court and its personnel;

3        (e) court reporters and their staff;

4        (f) professional jury or trial consultants, mock jurors, and Professional

5  Vendors to whom disclosure is reasonably necessary for this Action and who have

6  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7        (g) the author or recipient of a document containing the information or

8  a custodian or other person who otherwise possessed or knew the information;

9        (h) during their depositions, witnesses, and attorneys for witnesses, in

10  the Action to whom disclosure is reasonably necessary provided: (1) the deposing

11  party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

12  they will not be permitted to keep any confidential information unless they sign the

13  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

14  agreed by the Designating Party or ordered by the court. Pages of transcribed

15  deposition testimony or exhibits to depositions that reveal Protected Material may

16  be separately bound by the court reporter and may not be disclosed to anyone except

17  as permitted under this Stipulated Protective Order; and

18        (i) any mediator or settlement officer, and their supporting personnel,

19  mutually agreed upon by any of the parties engaged in settlement discussions.

20        (j) reinsurers of the Receiving Party, who have a need to review the

21  Protected Material for purposes related to this Action, and who have signed the

22  "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party

23  shall maintain a list of all reinsurers to whom Protected Material is disclosed and

24  shall make that list available to the Designating Party upon request.

25        (k) accountants of the Receiving Party, who have a need to review the

26  Protected Material for purposes related to this Action, and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party

28  shall maintain a list of all accountants to whom Protected Material is disclosed and

64234944.1
5806-3.6639

shall make that list available to the Designating Party upon request.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(i) reinsurers of the Receiving Party, who have a need to review the Protected Material for purposes related to this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party shall maintain a list of all reinsurers to whom Protected Material is disclosed and shall make that list available to the Designating Party upon request.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1  (k) accountants of the Receiving Party, who have a need to review the

2  Protected Material for purposes related to this Action, and who have signed the

3  "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party

4  shall maintain a list of all accountants to whom Protected Material is disclosed and

5  shall make that list available to the Designating Party upon request.

6  8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

7  <u>PRODUCED IN OTHER LITIGATION</u>

8  If a Party is served with a subpoena or a court order issued in other litigation

9  that compels disclosure of any information or items designated in this Action as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY," that Party must:

12  (a) promptly notify in writing the Designating Party. Such notification

13  shall include a copy of the subpoena or court order;

14  (b) promptly notify in writing the party who caused the subpoena or

15  order to issue in the other litigation that some or all of the material covered by the

16  subpoena or order is subject to this Protective Order. Such notification shall include

17  a copy of this Stipulated Protective Order; and

18  (c) cooperate with respect to all reasonable procedures sought to be

19  pursued by the Designating Party whose Protected Material may be affected.

20  If the Designating Party timely seeks a protective order, the Party served with

21  the subpoena or court order shall not produce any information designated in this

22  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23  EYES ONLY" before a determination by the court from which the subpoena or

24  order issued, unless the Party has obtained the Designating Party's permission. The

25  Designating Party shall bear the burden and expense of seeking protection in that

26  court of its confidential material and nothing in these provisions should be construed

27  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

28  directive from another court.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

64234944.1
5806-3.6639

9.    <u>NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

PROPOSED  ORDER ON STIPULATION FOR PROTECTIVE ORDER

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) Notify the Designating Party in writing of the unauthorized disclosures, including (i) the information or item disclosed, (ii) to whom it was disclosed, and (iii) the date and circumstances of the disclosure;

(b) Use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

The Receiving Party shall provide prompt written notice to the Producing Party of the unauthorized disclosure and shall provide a detailed account of the circumstances surrounding the unauthorized disclosure. The Receiving Party shall take all necessary and appropriate measures to retrieve the improperly disclosed Protected Material and ensure that no further unauthorized disclosures occur.

<u>11</u>.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

PROPOSED  ORDER ON STIPULATION FOR PROTECTIVE ORDER

64234944.1
5806-3.6639

parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

WALSWORTH

19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

1  of the Protected Material.

2      Notwithstanding this provision, Counsel are entitled to retain an archival copy

3  of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

4  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

5  work product, and consultant and expert work product, even if such materials

6  contain Protected Material, to the extent required by applicable law, regulation, or

7  company policy. Any such archival copies that contain or constitute Protected

8  Material remain subject to this Protective Order. The Receiving Party will provide

9  notice to the Producing Party identifying any Protected Material being retained

10  pursuant to this provision.

11      14.    RESERVATION OF RIGHTS

12      By agreeing to this Order, no Party waives any right it otherwise would have

13  to object to any other Party's designation of material as "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to move to

15  modify the terms of this Order. A Party's failure to challenge a designation shall not

16  preclude a subsequent challenge to that designation.

17      15.    VIOLATION

18      Any violation of this Order may be punished by any and all appropriate

19  measures including, without limitation, contempt proceedings and/or monetary

20  sanctions.

21

22      **SO ORDERED**.

23  DATED:  February   13, 2025

24

25

26  Shashi H. Kewalramani
    United States Magistrate Judge .

27

28

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

# PROOF OF SERVICE

**Federal Insurance Company v. Zenith Manufacturing, Inc., et al.
Case No. 5:23-cv-01831-TJH-KK**

## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612-2445.

On February 11, 2025, I served true copies of the following document(s) described as  **PROPOSED  ORDER ON STIPULATION FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 11, 2025, at Irvine, California.

*Debra Halberstadt*

Debra Halberstadt

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL. (714) 634-2522 • FAX (714) 634-0686

64234944.1
5806-3.6639

-1-

PROPOSED  ORDER ON STIPULATION FOR PROTECTIVE ORDER

**SERVICE LIST**
**Federal Insurance Company v. Zenith Manufacturing, Inc., et al.**
**Case No. 5:23-cv-01831-TJH-KK**

| | |
|---|---|
| Mohammad A. Fakhreddine<br>Law Offices of Mohammad A. Fakhreddine<br>1601 Pacific Coast Highway, Suite 290<br>Hermosa Beach, CA 90254<br>Telephone: (310) 698-0804<br>Email: mfakhreddinelaw@gmail.com | Attorney for Zenith Manufacturing, Inc., et al. |
| Kathy Lee, Esq.<br>Brian K. Stewart, Esq.<br>Adam A. Ainslie, Esq.<br>Robert S. Kahn, Esq.<br>Collins + Collins, LLP<br>790 E. Colorado Boulevard, Suite 600<br>Pasadena, CA 91101<br>Telephone: (626) 243-1100<br>Cell: (626) 278-5015<br>Emails: bstewart@ccllp.law<br>Klee@ccllp.law<br>jagomez@ccllp.law<br>aainslie@ccllp.com<br>alieber@ccllp.law<br>rkahn@ccllp.law | Attorneys for Cross-Defendant, Dochterman Insurance Services, Inc. (erroneously sued as Precision Manufacturing Insurance Services) |

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

64234944.1
5806-3.6639